**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Sherri Franklin Kelley, et al.,

    Plaintiffs,

v.

James McCommas, et al.,

    Defendants.

Case No. 1:06cv136

Judge Michael R. Barrett

## ORDER

This matter is before the court upon Defendants Mark Rutledge's and Darlene Rutledge's, motion for summary judgment (Doc. 31), Plaintiffs' response thereto in opposition, (Doc. 37) and Defendants' supplemental memorandum supporting their motion for summary judgment (Doc. 79) addressing issues raised in Plaintiffs' amended complaint (Doc. 77)[1] and Plaintiffs' response thereto. (Doc. 84). No reply was filed by the Defendant. This matter is now ripe for review.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs, Sherri Franklin Kelley, Administratrix of the Estate of Richard Aaron Kelley, and Mary Ellen Smith, Ancillary Administratrix of the Estate of Richard Aaron Kelley, filed a lawsuit against multiple defendants as a result of the death of Richard Aaron Kelley, hereinafter "Plaintiffs' decedent" in an automobile accident on March 13, 2005. (Doc. 1 at 4). Plaintiffs maintain that the vehicle in which Plaintiffs' decedent was riding was operated by Co-Defendant James McComas[2] after he and Plaintiffs' decedent were served

---

[1] The Court granted Plaintiff's motion to file an amended complaint (Doc. 74).

[2] Co-Defendant James McComas has been dismissed from this litigation (Doc. 86).

intoxicating beverages at Defendant Frogtown USA, Inc. by Defendant Linda Tucker (Doc. 1 at 7). Plaintiffs also maintain that Co-Defendants Mark Rutledge and Darlene Rutledge are both individually liable for the death of Plaintiffs' decedent and liable as the owners and operators of Frog Town USA, Inc. (Doc. 1 at 9). Additionally, Plaintiffs maintain Co-Defendant(s) Mark Rutledge and/or Darlene Rutledge were negligent in the hiring and retention of Co-Defendant Linda Tucker as the employee agent, servant, or representative and failed to properly supervise her activities. (Doc. 1 at 10).

Frog Town USA, Inc. is an Ohio corporation licensed to conduct business and does business at 2515 S. Third Street in Ironton, Ohio. (Doc. 31 at 3). Frog Town USA, Inc. was incorporated in 2001. (Doc. 31 at 4). The president of the corporation is Mark Rutledge and the vice president is Darlene Rutledge. (Doc. 31 at 4). Mark Rutledge is the sole shareholder of Frog Town USA, Inc. (Doc. 31 at 4). Both Mark and Darlene Rutledge were in Florida at the time of the alleged service of alcohol to Co-Defendant McComas and Plaintiffs' decedent. (Doc. 5).

Co-Defendant Mark Rutledge maintains that Frogtown USA, Inc. is a failing business. Co-Defendant Darlene Rutledge maintains that she has not received any money or pay for her position as vice president of Frog Town USA, Inc. due to its failing nature. (Doc. 71). Co-Defendant Mark Rutledge maintains that in the time since Frog Town, Inc. opened in 2001, his personal income from the business is minimal, $8000 in 2004 but less than that in 2003. (Doc. 69). Aside from this nominal amount, Co-Defendant Mark Rutledge maintains that he has not profited personally from the business. (Doc. 69).

Frog Town USA, Inc. has a code of ethics for its employees. (Doc. 79, Ex. B-1 Code of Employee Conduct). At the time of the automobile accident that gave raise to this

2

complaint, each employee was required to read and sign the code of ethics in the presence of a witness. (Doc. 71). In addition, the liquor permit of Frog Town USA, Inc., issued in 2001, was in the name of Frog Town USA, Inc. and was so held during the time period in which this accident occurred. (Doc. 31 at 13).

Frog Town USA, Inc., at all times relevant, was insured by Auto-Owners. A declaratory judgment, in Lawrence County in August 2006, found that Auto-Owners' commercial general liability policy does not provide coverage for Frog Town USA, Inc., its agents or servants for the claims and allegations contained in this case and that Auto-Owners has no obligation to indemnify or pay money for any claims in this case.

## II. ARGUMENTS OF THE PARTIES

Defendants argue that O.R.C. §4399.18 is the sole exclusive remedy for a cause of action against a liquor permit holder for damages allegedly caused by intoxicated persons. This code section also provides that no one can be held liable for the death of a person off the liquor permit holder's premises caused by intoxication except the liquor permit holder or an employee of the liquor permit holder who actually sold the intoxicating beverage to a visibly intoxicated person and did so knowingly. Therefore, because Frog Town USA, Inc. is the liquor permit holder, and Mark and Darlene Rutledge were not present at Frog Town USA at the time the intoxicating beverages were sold, Mark and Darlene Rutledge can not be held individually liable under the code. Plaintiffs' counter that in reality, the corporation was in name only, and that the real permit holders were Mark Rutledge and Darlene Rutledge. Therefore, Plaintiffs' argue that the court has the ability to look behind the corporate fiction to pierce the corporate veil and find them civilly responsible for the acts of their agents and the death of Plaintiffs' decedent under the

theory that a principal acts though its agent(s).

**III.    LEGAL ANAYSIS**

    A.    Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

    B.    Piercing the Corporate Veil

Under the long-standing Erie doctrine, in actions brought in federal court invoking diversity jurisdiction, a court must apply the same substantive law as would have been applied if the action had been brought in a state court of the jurisdiction where the federal court is located. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). When the success of a state law claim brought in federal court under diversity jurisdiction is dependent on piercing the corporate veil, this question of substantive law is governed by the law of the state in which

the federal court sits. *Corrigan v. United States Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007); *see also, e.g.*, *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 604 (6th Cir. 2005).

In this case, all the claims brought by the plaintiffs--negligence, wrongful death, pain and suffering and loss of consortium--are governed by state law. Therefore, this Court applies the State of Ohio's piercing law.

The Ohio Supreme Court has set forth the test for piercing the corporate veil and assigning individual liability, holding that "the corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 1993 Ohio 119, 617 N.E.2d 1075, syllabus 3 (Ohio 1993); *see also Carter-Jones Lumber Co. v. LTV Steel Co.*, 237 F.3d 745, 748 (6th Cir. 2001).

To determine whether the first prong of this test has been satisfied, Ohio courts often consider a variety of factors: (a) grossly inadequate capitalization; (b) failure to observe corporate formalities; (c) insolvency of the debtor corporation at the time the debt was incurred; (d) the shareholders holding themselves out as personally liable for certain corporate obligations; (e) diversion of funds or other property of the corporation for personal use; (f) the absence of corporate records; and (g) the fact that the corporation

5

was a mere facade for the operations of the shareholder. *Corrigan v. United States Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007); *LeRoux's Billyle Supper Club v. Ma.*, 77 Ohio App. 3d 417, 602 N.E.2d 685, 689 (Ohio App. 1991).

While these factors are helpful in deciding the first prong, a court should focus on principles of equity and whether the relationship is so dominating that respecting it would be unjust. *Corrigan v. United States Steel Corp.*, 478 F.3d 718, 724-725 (6th Cir. 2007); *see Danziger v. Luse*, 103 Ohio St. 3d 337, 2004 Ohio 5227, 815 N.E.2d 658, 662, 667 (Ohio 2004); *State ex rel. Petro v. Mercomp, Inc.*, 167 Ohio App. 3d 64, 2006 Ohio 2729, 853 N.E.2d 1193, 1198 (Ohio Ct. App. 2006). "[A] plaintiff must show that the individual and the corporation are fundamentally indistinguishable." *Belvedere*, 617 N.E.2d at 1086.

Additionally, although inadequate capitalization is often a key justification for piercing the corporate veil, it is not an absolute prerequisite. *Corrigan v. United States Steel Corp.*, 478 F.3d 718, 724-725 (6th Cir. 2007); *see LeRoux's Billyle*, 602 N.E.2d. However, as Plaintiffs argue, piercing the corporate veil is an equitable remedy, available not where a set list of factors are established but where maintaining the corporate form would work injustice upon an innocent party. *Taylor Steel, Inc. V. Keeton*, 417 F.3d 598, 606 (6th Cir. 2005).

In this case, Defendant Frog Town USA, Inc. is an Ohio corporation that was incorporated in 2001. Mark Rutledge is the President and sole shareholder of stock. Darlene Rutledge is the Vice President. Mark Rutledge is not paid a paycheck from Frog Town USA, Inc. because the corporation can not afford to pay him, however, at various times in 2003 and 2004 Mr. Rutledge has taken cash withdrawals in the amount of $500.

(Mark Rutledge Depo., p 6, 31-32).  These withdrawals totaled approximately $8000 in 2004 but less than that in 2003.  (Id).  Mark Rutledge owns the real estate, including the lot and building, in which the bar business operates and the equipment. (Id. p13).  Frog Town USA, Inc. was incorporated prior to the opening of the bar business.  Mark Rutledge conducts corporate meetings almost every month in which minutes are created. (Id. p 16).  Separate corporate income tax returns are filed. (Id.)  However, other than a liquor permit, Frog Town USA, Inc. has no assets.  (Id. p31).

Although this is a close question as to whether or not the corporation has a separate mind, will, or existence of its own, based upon the fact that corporate meetings are held, tax returns are filed, Frog Town USA, Inc. is the holder of the liquor permit, has employees, and that the corporation is not any more insolvent now than it was prior to the incident at issue in this matter, the Court finds that Frog Town USA, Inc. does have a separate mind, will, or existence of its own.

However, even if the Court found that Frog Town USA, Inc. did not have a separate mind, will or existence of its own, the Court would not find it appropriate to pierce the corporate veil since the corporation was not used "to commit fraud or an illegal act."

On its face, the Belvedere test is clear that the individual corporation had to use the corporation "to commit fraud or an illegal act."  617 N.E.2d at 1086.  The Sixth Circuit has held in the past that *Belvedere* meant what it said regarding an illegal or fraudulent act.  Normally that would end our analysis, however, in recent years the Ohio Court of Appeals have interpreted Belvedere's "illegal act" requirement to mean a harmful, unjust, unfair, inequitable or wrongful act rather than solely a criminal one.  *See e.g.*, *Robert A. Saurber Gen. Contr., Inc. V. McAndrews*, 2004 Ohio 6927 (Ohio Ct. App. 2004) (12th Dist.).  When

and how state law applies to a particular case is a matter on which the state supreme court has the last word. *Id*. at 608. We only anticipate how the state's supreme court would rule on an issue of state law when the law of the state is unsettled. *Id*; *C & H Entertainment, Inc. v. Jefferson County Fiscal Court*, 169 F.3d 1023, 1025 (6th Cir. 1995). To perform such a task, we look to the decisions of the state's intermediate courts unless we are convinced the state supreme court would decide the issue differently. *Taylor Steel*, 417 F.3d at 608.

Even accepting this more liberal standard created by the Courts of Appeals, this Court does not find that Defendants corporate behavior appropriately meets the second element of committing a fraud or an illegal act. In *Hammock v. Calo,* a case with similar facts to those at issue in this case, the Court of Appeals for the Twelfth District affirmed a trial court's decision refusing to disregard a corporate entity or to hold the shareholder liable under Ohio's Dram Shop Act. *Hammock v. Calo*. 1995 Ohio App. LEXIS 4787 (Ohio Ct. App. 1995). In *Hammock,* Defendant Calo struck Plaintiff Hammock with her car after she had been drinking at Holly Lanes. Holly Lanes was owned by Jessa, Inc., an Ohio corporation. Jessa, Inc. was the holder of the liquor permit. Glenn Schmidt was the sole shareholder of Jessa, Inc. and individually owned the property. Plaintiff Hammock attempted to pierce the corporate veil of Jessa, Inc. The trial court found, and the Appellate Court affirmed, that even though Glenn Schmidt conceded he had complete control of the corporation, he "did not exercise his control over Jessa in such a way as to cause a violation of the Dram Shop statute" and that Plaintiff Hammock failed to demonstrate that his injury resulted from the wrongful acts of the shareholder. *Id.*

Defendants here have provided the Court documentation of their code of conduct for employees as well as information regarding their corporate meetings and business procedures. There is nothing in the record which suggests Defendants were harmful, unjust, unfair, inequitable, wrongful or criminal in the business of Frog Town USA, Inc. or that Frog Town USA, Inc. was incorporated to conduct any harmful, unjust, unfair, inequitable, wrongful or criminal conduct.

Plaintiffs' argue *Wiencek v. Atcole Company, Inc.*, 109 Ohio App.3d 240 (1996) and *Stypula v. Chandler*, 2003 WL 22844296 (unreported) support their argument that the corporate veil may be pierced to avoid an unjust or inequitable result. However, both cases are factually dissimilar to the case at hand. In *Wiencik*, the individuals controlling the corporation gave themselves very large bonuses as officers of the corporation, used the corporation to pay for labor and material at one of the controlling individual's personal residence, and purchased a recreational vehicle in the corporate name which was used by the individuals, but not for corporate purposes. The Court found that "[s]uch evidence indicates that [the corporations'] profits may have been so depleted by such expenditures that it would prevent appellant from receiving his commission." *Wiencek v. Atcole Company, Inc.*, 109 Ohio App.3d 240, 246 (1996). Additionally, in *Stypula*, not long after Stypula received a judgment against the corporation, the controlling individual closed the doors of the corporation and fired its employees while inviting them to apply for positions at another newly created corporation that he too controlled. *Stypula v. Chandler*, 2003 WL 22844296, ¶3, 4.

Plaintiff has failed to prove that Mark Rutledge, Darlene Rutledge or Frog Town

USA, Inc. have done anything in an attempt to avoid a possible judgment in this case. Frog Town USA, Inc. is still a corporate entity.  Mr. Rutledge has not taken large bonuses or in any way intentionally depleted profits.  Considering the similar relevant facts as in *Hammock* and the Plaintiffs failure to prove Defendants complete control over the corporate entity or the presence of fraud or an illegal act, the Court can not accept Plaintiffs mere argument of equity to pierce the corporate veil in this dram shop case to hold the Rutledges liable.  Thus, since the Court has found that Plaintiff can not prove the first two elements of the *Belvedere* test, the third must also fail.

      C.      Individual Responsibility Under the Dram Shop Act

Because Frog Town USA, Inc. is the liquor permit holder and because Plaintiffs have failed to pierce the corporate veil, Mark Rutledge and Darlene Rutledge cannot be held individually liable pursuant to Ohio Code R.C. 4399.18, the sole exclusive remedy for a cause of action against a liquor permit holder, and therefore there is no further inquiry by the Court regarding their individual liability under the code.

**IV.    CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment of Mark Rutledge and Darlene Rutledge is hereby GRANTED.  The Clerk of Court is directed to terminate Mark Rutledge and Darlene Rutledge as parties in this matter.

      **IT IS SO ORDERED.**

                                   *s/Michael R. Barrett*
                                   Michael R. Barrett, Judge
                                   United States District Court